IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Terry L. Williams, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) ) | No. 1:06-cv-0939-DFH-WTL |
| Media Collections, Inc., an Ohio corporation, d/b/a Joseph, Mann & Creed, ) ) ) ) ) | |
| Defendant. ) | Jury Demanded |

### COMPLAINT -- CLASS ACTION

Plaintiff, Terry L. Williams, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff Williams resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Terry L. Williams, is a citizen of the State of Indiana residing in the Southern District of Indiana from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Western Reserve Group.

4.     Defendant, Media Collections, Inc., d/b/a Joseph, Mann & Creed ("Joseph"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and was acting as a debt collector as to the Western Reserve Group debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.     Defendant Joseph sent Mr. Williams an initial form collection letter, dated August 16, 2005, which stated, in pertinent part:

\* \* \*

Be advised that Western Reserve Group has requested that my office collect this matter.

In regard to the above-captioned claim, please note the following:

1).    Western Reserve Group has forwarded your account information to our office.

2).    They advised us that they have been in contact with you and you have not honored this debt.

3).    After reviewing the aforementioned paperwork, we advised our client we are pursuing full payment for them and will, with our client's direction and approval, refer the issue to appropriate counsel if necessary.

Should you choose to voluntarily pay this obligation, make the check payable to Western Reserve Group and mail it using the enclosed self-addressed envelope.

\* \* \*

This letter was sent within one year of the date of this Complaint and is attached as Exhibit A.

6.     Defendant Joseph's collection letter is to be interpreted under the

"unsophisticated consumer" standard. See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996).

### Violation Of § 1692e(5) Of The FDCPA – False Threat Of A Lawyer/Lawsuit

7.  Section 1692e of the FDCPA generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically, § 1692e(5) of the FDCPA prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

8.  Defendant's letter falsely threatens to turn the debt over to a lawyer for collection and thus also falsely implies that a lawsuit may be filed. Given the amount of the debt, Defendant and its client were not going to hire a lawyer, nor file a file a lawsuit regarding this alleged $46.15 debt. Consequently, Defendant's threat to turn the debt over to a lawyer violates § 1692e(5) of the FDCPA.

9.  Defendant's violation of § 1692e(5) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

10. Plaintiff, Terry Williams, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt, owed to Western Reserve Group, and as to which the debt would not be, or was not, actually referred to a lawyer, from one year before the date of this Complaint to the present, via the same collection letter that is attached as Exhibit A. This action seeks a declaration that Defendant's

collection letter violates the FDCPA, and asks that the Court award statutory damages as authorized by § 1692k (a)(2) of the FDCPA.

11. Defendant regularly engages in debt collection using the same form letter received by Mr. Williams in its attempts to collect from other persons.

12. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the form letter it sent Williams.

13. Williams' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

15. Williams will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was

perpetrated on all members of the Class and will be established by common proof. Moreover, Williams has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Terry Williams prays that this Court:

1. Certify this action as a class action;

2. Appoint Mr. Williams as Class Representative of the Class, and his attorneys as Class Counsel;

3. Declare that Defendant's collection letter violates the FDCPA;

4. Enter judgment in favor of Mr. Williams and the Class, and against Defendant, for damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Terry L. Williams, demands trial by jury.

                                          Terry L. Williams, individually and on
                                          behalf of all others similarly situated,

                                          By: _____
                                          One of Plaintiff's Attorneys

Dated: June 15, 2006

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert     (Ind. Bar No. 14254-02)
8650 N. Commerce Park Place
Suite N
Indianapolis, Indiana 46268
(317) 334-7090
(317) 802-6025 (FAX)